# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 24-1, U.S.A. v. Aquilia Marcivicci Barnette |
| **Originating No. & Caption** | 3:12-cv-00327-MOC, U.S.A. v. Aquilia Marcivicci Barnette |
| **Originating Court/Agency** | U.S. District Court for the Western District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 2253 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | March 12, 2021 | |
| Date notice of appeal or petition for review filed | February 5, 2024 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | April 9, 2021 | |
| Date order entered disposing of any post-judgment motion | December 6, 2023 | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | None. | |
| Case number of any pending appeal in same case | None. | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | None. | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Mr. Barnette appeals: the district court's order and judgment denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his convictions and sentence of death, denying his motion to supplement, and denying him an evidentiary hearing; and its order denying his motion to alter or amend that judgment. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

Mr. Barnette will seek a certificate of appealability as to one or more of the following issues:

That Mr. Barnette's convictions and sentences pursuant to 18 U.S.C. §§ 924(c) and § 2261 convictions must be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). As his § 924(c) convictions were predicates and necessary elements for his § 924(j) convictions and sentences, those, too, must be vacated.

That Mr. Barnette was denied the effective assistance of counsel in violation of his rights as guaranteed by the Fifth, Sixth, and Eighth Amendments.

That his rights under the Fifth, Sixth, and Eighth Amendments were violated by the conduct of the proceedings promulgated by Batson v. Kentucky, 476 U.S. 79 (1986), to challenge the government's exercise of its peremptory challenges on the basis of race.

That his rights under the Fifth, Sixth, and Eighth Amendments were violated by the misconduct of his jury.  (Continued on attached page.)

---

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: United States of America | Adverse Party: |
| Attorney: Anthony J. Enright<br>Address: Office of the United States Attorney<br>227 West Trade Street, Suite 1650<br>Charlotte, NC  28202 | Attorney:<br>Address: |
| E-mail: usancw.appeals@usdoj.gov | E-mail: |
| Phone: 704-344-6222 | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

<table>
<tr><td colspan="2"><strong>Appellant</strong> (Attach additional page if necessary.)</td></tr>
</table>

| | |
|---|---|
| Name:  Aquilia Marcivicci Barnette | Name: |
| Attorney: Gerald W. King, Jr.<br>Address:  Capital Habeas Unit for the Fourth Circuit<br>  129 West Trade Street, Suite 300<br>  Charlotte, NC 28202 | Attorney: Jacob H. Sussman<br>Address: PO Box 51280<br>  Durham, NC 27717 |
| E-mail: gerald_king@fd.org | E-mail: jsussman@scsj.org |
| Phone: (704) 374-0720 | Phone: 704-277-3962 |

<table>
<tr><td colspan="2"><strong>Appellant (continued)</strong></td></tr>
</table>

| | |
|---|---|
| Name: | Name: |
| Attorney: Mark E. Olive<br>Address:  320 W. Jefferson Street<br>  Tallahassee, FL 32301 | Attorney:<br>Address: |
| E-mail:  meolive@aol.com | E-mail: |
| Phone: 850-224-0004 | Phone: |

**Signature:** /s/Gerald W. King, Jr.　　　　　　　　**Date:** ＿＿＿02/21/2024＿＿＿

**Counsel for:** Aquilia Marcivicci Barnette

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ＿＿＿＿＿＿ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature: | Date:

# Attachment to Docketing Statement

## No. 24-1, *U.S.A. v. Aquilia Marcivicci Barnette*

### Issues (continued).

That his rights under the Fifth, Sixth, and Eighth Amendments were violated by his prosecution in federal court, as opposed to state court, which resulted in a known and significant reduction in the number of African Americans in his jury pool in both 1998 and 2002.

That the government deprived him of due process as set out in *Brady v. Maryland*, 373 U.S. 667 (1965), *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959), in violation of his rights under the Fifth, Sixth, and Eighth Amendments.

That the death penalty is sought on the bases of race and geography and is thus unconstitutional.

That the manner in which the Bureau of Prisons would carry out his execution is unconstitutional.

That the cumulative effect of these errors demand relief.

That the district court reversibly erred by denying him discovery and an evidentiary hearing as to these claims and denying him access to interview the jurors who convicted him and sentenced him to death.