# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Plaintiff-Appellee* | ) | |
| | ) | |
| v. | ) | **No. 24-1** |
| | ) | **DEATH PENALTY CASE** |
| | ) | |
| **AQUILIA MARCIVICCI BARNETTE** | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |
| | ) | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO SUBMIT DEFENDANT-APPELLANT'S OPENING BRIEF

Pursuant to Rule 26(b) of the Federal Rules of Appellate Procedure and Local Rule 31(c), Defendant-Appellant, Aquilia Marcivicci Barnette, respectfully requests an additional ninety (90) days in which to file his Opening Brief and the Joint Appendix, through and including July 1, 2024. The brief and appendix are currently due on April 1, 2024. (DE 9.) Mr. Barnette has not previously requested an extension in this appeal. Appellees do not object to this extension.

In support of this motion, Mr. Barnette submits the following:

Mr. Barnette, a death-sentenced prisoner, is appealing the United States District Court for the Western District of North Carolina's order and judgment denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his convictions and sentence of death, denying his motion to supplement, and denying

1

him an evidentiary hearing; and its order denying his motion to alter or amend that judgment. As the district court denied Mr. Barnette a certificate of appealability, this Court entered a briefing order on February 21, 2024, directing him to submit his initial brief and the joint appendix by April 1, 2024. (DE 9.)

Undersigned counsel respectfully move this Court to extend their time for filing Mr. Barnette's initial brief and the joint appendix by ninety (90) days—through and until July 1, 2024—due to the size of the record in this matter, the number and complexity of the substantive and procedural issues that this brief must address, and counsel's other professional obligations. In his original trial, Mr. Barnette was convicted of eleven (11) violations of federal statutes. His resulting death sentences have been once vacated by this Court, which also separately remanded for an evidentiary hearing on his *Batson* claims.[1] The habeas petition below presented issues of prosecutorial misconduct and ineffective assistance of counsel, complex claims that require a thorough analysis of the governing case law and the underlying record—which, given the trial and subsequent resentencing and evidentiary proceedings, is voluminous. Mr. Barnette must also assess challenges to the district court's procedural rulings: first, in denying him an evidentiary hearing; and second, in denying him leave to amend his petition in light of the Supreme Court

---

[1]*United States v. Barnette*, 390 F.3d 775 (4th Cir. 2004); *Barnette v. United States*, 546 U.S. 803, 126 S.Ct. 92, 163 L.Ed.2d 32 (2005).

of the United States's then-new decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 578 U.S. 120, (2016)—a claim that the district court deemed procedurally barred.

Counsel Gerald King, who has principal responsibility for these filings, has worked diligently to complete them, but requests this additional time in light of the complexity of the brief, his administrative duties as Chief of the Capital Habeas Unit for the Fourth Circuit (which have required extensive out-of-state travel this month), and his professional obligations in numerous other capital cases within the circuit (including a petition for rehearing and rehearing en banc in the federal capital case of *U.S. v. Tipton*, No. 22-5, due in this Court on April 1, 2024). Co-counsel Jake Sussman has numerous professional obligations, including: significant briefing due in the United States District Court for the Eastern District of North Carolina in April (*Abrams v. Fowler*, 5:20-ct-3231); a federal sentencing in April in the United States District Court for the Western District of North Carolina (*USA v. Baldwin*, 3:21-cr-253); and filing two petitions with the North Carolina Juvenile Sentencing Review Board by May 1. Co-counsel Mark Olive has devoted the last several weeks to clemency proceedings for Willie James Pye, a death-sentenced prisoner in Georgia, who is scheduled for execution at 7:00 p.m. this evening, March 20, 2024.

Pursuant to Local Rule 27(a), undersigned counsel has consulted with counsel for the United States, Anthony J. Enright, who indicates that Plaintiff-Appellee does not oppose the requested extension.

For the reasons stated above, counsel respectfully request an extension of 90 days, through and until July 1, 2024, to submit Mr. Barnette's initial brief and the joint appendix.

Respectfully submitted,

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.
Chief, Fourth Circuit Capital Habeas Unit
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
gerald_king@fd.org

**CERTIFICATE REGARDING LOCAL RULE 27(A)**

I, Gerald W. King, Jr., hereby certify that counsel for Plaintiff-Appellee was informed on March 19, 2024, by email of the intended filing of this request.

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.

**CERTIFICATE OF SERVICE**

I, Gerald W. King, Jr., hereby certify that on March 20, 2024, I filed the foregoing Unopposed Motion for Extension of Time to Submit Defendant-Appellant's Opening Brief via ECF with service via electronic delivery to counsel for Respondent:

Anthony Joseph Enright, Assistant U.S. Attorney


*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.