IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
DOCKET NO. 24-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | **RESPONSE IN OPPOSITION** |
| vs. | ) | **TO MOTION TO EXCEED** |
| | ) | **TYPE-VOLUME LIMITATION** |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |
| _____ | ) | |

The United States respectfully requests that this Court deny Aquilia Marcivicci Barnette's September 26 motion seeking exemptions from several of this Court's rules in order to file an extra-long brief. In February, consistently with Local Rule 22(a)(1)(B), this Court issued a preliminary briefing order in this appeal of the district court's disposition of Barnette's 2255 motion requiring Barnette to file a brief of no more than 13,000 words. *Doc. No. 9* (citing Fed. R. App. P. 32 & *Fourth Circuit Brief & Joint Appendix Requirements* (Jul. 13, 2023)); Fed. R. App. P. 32(a)(7)(B)(i). Barnette moved repeatedly for

extensions of time, and this Court granted him a total of 218 days to file his brief. *Docs. No. 9, 12, 14, 16, 19.*

On the deadline, Barnette filed a preliminary opening brief with a proportionally spaced typeface that contains 17,394 words — 4,394 more than this court's rules permit. Fed. R. App. P. 32(a)(7)(B)(i). His attorney did not certify "that the document complies with the type-volume limitation." Fed. R. App. P. 32(g)(1). To the contrary, his "certificate of compliance" says that the brief "contains 17,394 words." *Prelim. Opening Br. of Appellant* 90. It adds that Barnette filed, "[t]ogether with th[e] brief," a "motion under Local Rule 32(b)," *id.*, which states that "[u]nder no circumstances may a brief exceed the length limitations in FRAP 32(a)(7) and FRAP 28.1(e) without the Court's advance permission." 4th Cir. L.R. 32(b).

This Court should deny Barnette's motion for permission to file an extra-long brief, for at least two reasons. His motion is untimely. And he has not identified "exceptional reasons" for filing an extra-long brief. 4th Cir. L.R. 32(b).

First, Barnette's motion is untimely. Local Rule 32(b) requires a party to submit a "motion for permission to submit a longer brief" at least "10 days prior to the due date of the brief." 4th Cir. L.R. 32(b). This timing requirement is not onerous, but it is critical. It allows this Court, if it finds "exceptional reasons," to grant the "advance permission" required for an extra-long brief. *Id.* Without permission *in advance*, a party cannot properly file an extra-long brief. *Id.*; Fed. R. Crim. P. 32(g)(1).

Barnette filed his motion on the due date of the brief, 10 days too late. Although some of this Court's rules allow exemptions for exceptional circumstances, Rule 32(b)'s timing requirement is not among them. Because Barnette declined to obtain "the Court's advance permission," this Court's rules state that "no circumstances" permit his brief to exceed Rule 32(a)(7)'s limit. *4th Cir. L.R.* 32(b).

This Court, of course, retains authority under Federal Rule of Appellate Procedure 2 to suspend its rules, but Barnette does not invoke this authority, and he has not established "good cause" for this Court to exempt him from the rules every other litigant must follow.

3

*Fed. R. App. P.* 2(a).   Barnette's counsel's workload related to another client who was recently executed does not warrant an exemption from Local Rule 32(b)'s advance-permission requirement.   *See United States v. Banks*, No. 19-4620 (Oct. 3, 2023) (Doc. No. 129); *cf. Mot.* 2–3. Barnette's case too involves the death penalty.   And this Court accommodated counsel's additional workload by affording him — and the other two attorneys who represent Barnette — 218 days to prepare Barnette's brief.   Counsel's assertion that he "incorrectly" believed that he could meet the type-volume limitation, *id.* at 3, also does not excuse him from complying with this Court's advance-permission requirement. This Court gave Barnette ample time to ensure that the brief met the rule's requirements before the 10-day deadline.   And Barnette did not merely overshoot that deadline — he exhausted the entire 10 days, precluding this Court from giving his request *any* advance consideration.

Barnette did not file his motion before the 10-day deadline, he did not obtain "advance permission" to file an extra-long brief, and "no circumstances" afford him an exemption from the requirement that he

4

do so.   4th Cir. L.R. 32(b).   Because Barnette's motion for permission to file an extra-long brief does not comply with this Court's rules, this Court should reject it.

Second, Barnette has not established "exceptional reasons" for filing an extra-long brief.   4th Cir. L.R. 32(b).   This Court "encourages short, concise briefs," *id.*, for good reason:   they are more effective in helping this Court fairly and accurately decide important issues.   *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).   Enforcement of the rules that promote effective briefing is particularly critical in a postconviction appeal involving a penalty as serious and irrevocable as death.   The "goal" of habeas corpus and § 2255 "is to correct real and obvious wrongs."   *See Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). If any such wrongs were overlooked when the district court denied Barnette's 2255 motion, "burying" them among thousands upon thousands of extra words reduces the likelihood that they will "receive adequate attention."   *Barnes*, 463 U.S. at 752–53.   Local Rule 22(a)(1)(B), moreover, tasks this Court with examining Barnette's brief on its own to determine if it contains an issue that warrants a

5

certificate of appealability. An extra-long brief will make this Court's task more difficult by burying any potentially qualifying issue among thousands of words discussing issues a court has already held undeserving of a certificate. J.A. 329.

Barnette's suggestion that because he presented "voluminous" filings to the district court all of them "must be addressed in his brief," *Mot.* 2, is simply not correct. Barnette can follow the advice of the Supreme Court and "winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most on a few key issues." *Barnes*, 463 U.S. at 751–52. Barnette suggests that he has "narrow[ed] the issues" on appeal because his issue statement identifies only "three." *Mot.* 2. But, however it is organized, Barnette's brief presents a host of issues — Barnette's ineffective-assistance-of-counsel "issue" alone spans 50 pages and includes 8 sub-parts. *Prelim. Opening Br. of Appellant* 27–77.

The 13,000-word limit to which other litigants must adhere would "allow a complete presentation," *Mot.* 2, of issues appropriately selected for appeal. Barnette has not identified "exceptional reasons" that

warrant treating him differently from other litigants or allowing him to depart from the practice of filing "short, concise briefs."   4th Cir. L.R. 32(b); *see United States v. Blankenship*, No. 20-6330 (4th Cir. Dec. 11, 2020) (Doc. No. 28).   The United States, therefore, respectfully requests that this Court deny Barnette's motion for permission to file an extra-long brief.

RESPECTFULLY SUBMITTED, this 7th day of October, 2024.

DENA J. KING
UNITED STATES ATTORNEY

s/Anthony J. Enright
Anthony J. Enright
NY Bar Number 4485140
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone: 704-344-6222
Fax: 704-344-6229
E-mail: anthony.enright@usdoj.gov

# CERTIFICATE OF COMPLIANCE

1.      This motion has been prepared using a computer running Microsoft Word 365, in Century Schoolbook font, and 14-point typeface.

2.      EXCLUSIVE of any materials excluded by Federal Rule of Appellate Procedure 32(f) or under Rule 27(a)(2)(B), the motion contains 1078 words and complies with Rule 27(d)(2)(A)'s type-volume limitation.

I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions.   If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

s/ Anthony J. Enright<br>
Assistant United States Attorney<br>
USAO Charlotte, NC

# CERTIFICATE OF SERVICE

I certify that I have this day caused to be served a copy of the above response upon the Appellant by serving his attorney of record through electronic case filing.

This 7th day of October, 2024.

s/Anthony J. Enright
Assistant United States Attorney
USAO Charlotte, NC